AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT

### for the

### Southern District of Ohio

| | | |
|---|---|---|
| United States of America | ) | FILED<br>RICHARD W. NAGEL<br>CLERK OF COURT |
| v. | ) | |
| | ) | Case No.  3:21MJ189 |
| GREGORY J. CAIN | ) | 5/14/21 |
| | ) | U.S. DISTRICT COURT<br>SOUTHERN DIST. OHIO<br>WEST. DIV. DAYTON |
| | ) | |

*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ May 13, 2021 _____ in the county of _____ Montgomery _____ in the

_____ Southern _____ District of _____ Ohio _____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii) and 846 | Conspiracy to possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance |

This criminal complaint is based on these facts:

See Attached Affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

TFO Dustin Phillips, FBI
*Printed name and title*

Sworn to before me and signed in my presence.
Via FaceTime

Date:  5/14/21

_____
*Sharon L. Ovington, U.S. Magistrate Judge*
*Printed name and title*

City and state:  _____ Dayton, Ohio _____

## AFFIDAVIT

I, Dustin J. Phillips, am currently a Task Force Officer ("TFO") assigned to both the Federal Bureau of Investigation ("FBI") and the City of Dayton Police Department ("DPD"). After being duly sworn, I depose as follows:

## INTRODUCTION

1. I have been employed as a law enforcement officer with the Dayton Police Department for the past thirteen (13) years. I am presently a TFO with the FBI's Dayton Resident Office's Criminal Investigative Division (CID). As such, I am sworn under Title 21, United Stated Code ("U.S.C."), Section 878 to serve as an officer of the United States duly empowered to conduct federal criminal investigations and execute arrests for criminal violations pursuant to Titles 18 and 21 of the U.S.C.

2. I am also a TFO with the DPD's Major Case/Drug Enforcement Unit within the Narcotics Bureau. Since 2013, I have almost exclusively concentrated on the investigation of narcotics, firearms, and gang related criminal cases. During my law enforcement career, I have been involved in a large number of firearm-related arrests, executions of search warrants resulting in the seizure of large quantities of narcotics and firearms, participated in undercover narcotics purchases, and supervised the activities of police informants who have provided law enforcement authorities valuable and accurate information and assistance that ultimately resulted in undercover narcotics purchases and apprehensions. During the course of my law enforcement career, I have received an extensive amount of formal and informal training in the investigation of drug trafficking and narcotics related crimes. Based on my extensive knowledge, skill, experience, training and education in the investigation of narcotics related cases, I fully recognize the inextricable link that commonly exists between drug trafficking activities, firearms, and the potential for violence.

3. This affidavit is submitted in support of a criminal complaint which seeks the issuance of a federal arrest warrant against **CLAY A. SWANSON** (hereinafter referred to **"SWANSON"**) and **GREGORY J. CAIN** (hereinafter referred to **"CAIN"**) for the following suspected offenses:

    a. Conspiracy to possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii) and 846.

    The facts contained in this affidavit are submitted for the express purpose of establishing probable cause to obtain an arrest warrant for **SWANSON** and **CAIN**. This affidavit does not include every fact presently known to law enforcement authorities relevant to subject investigation.

## FACTS

4. At approximately 10:16 am on May 13, 2021, members of the DPD Narcotics Bureau executed a state search warrant at a residence located at 316 Westwood Avenue in Dayton, Ohio. The supporting affidavit for this search warrant was authored by DPD Officer Joshua C. Bowling. The search warrant was approved on May 10, 2021 by Dayton Municipal Court Judge Mia Wortham Spells. The supporting affidavit for said search warrant specifically identified **SWANSON** as the primary suspect in the investigation.

5. During the approximately three (3) weeks prior to the search warrant, Officer Bowling and DPD Detectives G. Tyler Orndorff and Lucas A. Rose conducted extensive surveillance on 316 Westwood Avenue. On several occasions, detectives saw a white Mazda 6, with Ohio license plate HWG4605 at the residence. Through their investigation, detectives learned that **SWANSON** frequently drives this car. The vehicle was seen parking in the back yard of the house and leaving on several different occasions to meet with other vehicles and/or pedestrians in the neighborhood. Each time this car met with another vehicle or pedestrian, detectives saw what they believed to be a hand to hand drug transaction. Each time this vehicle was seen leaving this property, it would return a short time later. This activity is consistent with drug trafficking activity that the detectives had observed in the past. On one occasion where a believed to be hand to hand transaction occurred, law enforcement was able to get a good visual of the driver and confirmed the driver to be **SWANSON**.

6. During this same time frame, detectives also saw a different male who was later identified as Gregory **CAIN**. During their surveillance, they saw **CAIN** exit the front door of the residence, walk to the street, make contact with the occupant or occupants of a vehicle, then immediately return inside. When **CAIN** reached each respective vehicle, he performed what appeared to be a hand to hand drug transaction. **CAIN** was observed doing this on approximately 3-4 occasions.

7. On May 13, 2021, when the DPD Narcotics Bureau served the search warrant on 316 Westwood Avenue, both **SWANSON** and **CAIN** were present at the house. As the designated entry team was approaching the house, both **SWANSON** and **CAIN** were exiting the house as detectives were getting near the front door. Both men were ordered to the ground, however **CAIN** did not comply with this command and retreated into the house, closing the door behind him as he ran inside. **SWANSON** was taken into custody in the front yard of the residence. A short time later, **CAIN** was located inside the house and was detained for the duration of the search warrant. Both **SWANSON** and **CAIN** were found to be in possession of two (2) Apple iPhones each. Additionally, both **SWANSON** and **CAIN** each had a keyring that had keys to 316 Westwood Avenue.

8. Once detectives cleared the house and did not locate any additional people, the search team began to search the residence. Detectives first noticed that the house did not appear to be lived in. There were no major appliances in the kitchen and all the kitchen cabinets were nearly empty. There was a table and chairs in the dining room and two couches in the living room,

however there were minimal decorative items throughout the house. There was a bed in one of the bedrooms of the house however it appeared cluttered and scattered with items when detectives entered. There was a small amount of men's clothing in the house. Several items of evidentiary value were located inside the house. These items included but are not limited to: several cell phones (two in the bathroom on the floor, and one on a couch in the living room), a money counter, a magic bullet blender and the accompanying cups, two Glock firearm boxes (both containing loaded 9mm Glock magazines and one contained a full box of 50 rounds), a box of 9mm ammunition containing 5 rounds, a Vectren Energy Bill mailed to Gregory **CAIN** at 316 Westwood Avenue, a USPS package addressed to **SWANSON**, listing his address as 228 Westwood Avenue, and several sums of US currency from different locations in the house, totaling $4,241. The USPS package sent to **SWANSON** was empty, but the mailing label was intact. This package was located in the same bedroom closet as the two Glock boxes and a small amount of men's clothing.

9. Detectives also located several amounts of suspected narcotics in the house. Detectives located two large piles of white powder on the kitchen countertop, one small bag of white powder on the counter next to the piles, one bag of white powder in cabinet above the counter. There was also a small digital scale on the counter directly next to the two piles of white powder. Detectives performed a Cobalt Reagent field test on the white powder which immediately turned blue indicating the presence of cocaine. The total weight of the two bags of white powder and the two piles of white powder were approximately 60 grams. In a different kitchen drawer, detectives located a large Ziploc bag containing a large amount of what appeared to be methamphetamine, weighing approximately 570 grams, which was later field tested using a methamphetamine field test kit. This field test indicated the presence of methamphetamine. They also located three (3) additional large gallon size Ziploc bags, each containing a substance identical to that of the suspected methamphetamine located in the kitchen. These three bags were located under the bathroom floor and were accessed by removing the bathroom HVAC vent cover, revealing a large void under the flooring. Each of these three bags had the markings "896 gs" and "2" written on them in black marker. The total weight of these three bags was approximately 2750 grams. All the amounts of suspected drugs were submitted to the Miami Valley Regional Crime Laboratory for testing.

10. Detectives attempted to interview both individuals prior to them being transported to the Montgomery County Jail. **CAIN** refused to speak with detectives. **SWANSON** was advised of his Miranda warnings, and did not request legal representation, however denied any wrongdoing and said he does not know **CAIN** well. This concluded the interviews with both individuals. Both were then transported and booked into the Montgomery County Jail without further incident.

11. From my training and experience, traffickers often use houses to conduct their business. Residences offer protection and provide cover which allow the drug traffickers to operate in relative safety. Further investigation revealed that **CAIN** owns this house. I am aware that illegal drugs, namely methamphetamine, is often sold in 1-gram increments. From speaking with multiple users, I am aware that approximately 1 gram is considered an individual use and commonly sells for approximately $20-$40, and it is not uncommon for dealers to give a discounted price when larger quantities are bought.

12. Based upon my prior law enforcement training and experience investigating narcotics crimes it would be my opinion that **SWANSON** and **CAIN** were actively engaged in drug trafficking activities at the time of their arrest. This opinion is based upon considering the following factors: (a) the presence of approximately 3,320 grams of suspected methamphetamine in the house; (b) the fact that such an amount of methamphetamine would clearly equate to what is generally viewed as a "distribution amount" of drugs; (c) the discovered presence of $4,241 in U.S. currency found throughout the house; and (d) **SWANSON's** and **CAIN's** presence at 316 Westwood Avenue which had previously been suspected to be an identified drug trafficking location by detectives.

13. Based on the above information, I believe that probable cause exists to conclude that on or about May 13, 2021, while in the Southern District of Ohio, **SWANSON** and **CAIN** knowingly and intentionally conspired to possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii) and 846.

14. As such, I respectfully request that an arrest warrant be issued against **SWANSON** and **CAIN** for the aforesaid criminal violations.

Dustin J. Phillips, Task Force Officer
FBI-CID Task Force
DPD-Major Case/Drug Enforcement

Subscribed and sworn to before me this 14th day of May 2021.

Sharon L. Ovington
**United States Magistrate Judge**